CITY OF ST. LOUIS, Appellant, v. BIRD, Respondent.

1. The fact that, in the case of the appeal of a cause, the transcript is defectively certified, furnishes no ground for the dismissal of the *cause* in the appellate court, but at most only the appeal. If the defect in the certificate is such as may be supplied, the appellant may obtain a rule on the officer required to certify such transcript directing him to remedy the defect.

2. The thirty-sixth section of the ordinance No. 3471, of the city of St. Louis concerning the recorder's court, providing that in cases of appeal to the criminal court, the clerk of said recorder's court shall make out and certify to the criminal court a transcript of the proceedings, &c., is not repugnant

to that clause of the eighteenth section of the fourth article of the amended city charter of March 3, 1851, providing that appeals from the recorder's court to the criminal court shall be taken and granted in the same manner as appeals are taken from and granted by justices of the peace to the criminal court under the general law of the state; the clerk of the recorder's court is the proper person to certify the transcript. (Rev. Ord. p. 626, 144; Sess. Acts, 1851, p. 164.)

### Appeal from St. Louis Criminal Court.

The facts sufficiently appear in the opinion of the court.

*Woerner*, (city attorney,) for appellant.

I. The recorder was the proper party to certify the transcript. That part of ordinance No. 3471, which requires the clerk to certify to appeals, is inconsistent with the provisions of the charter and void. (R. C. 1855, p. 974, § 12.) At least the certificate of the recorder was sufficient. He occupies the same position under the charter as a justice of the peace. This has for a long time been recognized by the criminal court. Granting that the certificate was insufficient, the court had no power to dismiss the cause. If the defect was of sufficient magnitude to prevent the court from entertaining the cause, then it had no power whatever over the cause except by rule to compel the recorder or clerk to amend. It could not, until fully and properly possessed of the cause, in any manner interfere with the judgment of the recorder. The appeal was the act of the defendant; if illegal it could not vitiate the judgment, which, *prima facie*, was legal. The proper action would have been, if the defendant refused or neglected to have the transcript amended as required, to dismiss the appeal. (Burnes v. Holland, 5 Mo. 47.)

EWING, Judge, delivered the opinion of the court.

The defendant was fined by the recorder of St. Louis for an alleged violation of a city ordinance, and he took an appeal to the criminal court, where, on his motion, the *cause* was dismissed. The cause assigned for the dismissal is that

the transcript of the record in the cause was not certified by the clerk of the recorder's court instead of the recorder himself.

No question is made as to the jurisdiction of the recorder, or the regularity of the judgment and proceedings in that court, and no ground is perceived for dismissing the *cause*. If the cause was not properly before the criminal court, and the court was not possessed of it, so as to exercise its appellate jurisdiction, by reason of the defect alleged, how could it pronounce upon the validity of the recorder's proceedings and hold them illegal ? Whether the transcript was or was not duly certified was a question affecting the *appeal* only, and not the judgment of the recorder, and the power of the court was restricted to a dismissal of the *appeal*, or to a rule for the purpose of having the transcript amended. When a party takes an appeal, it is his business to see that his cause is properly brought up ; and if the defect is such as may be supplied, he may obtain a rule on the officer for that purpose.

The city ordinance (No. 3471) respecting the recorder's court makes it the duty of the clerk of that court to keep an appeal docket in which shall be duly recorded all the proceedings had in any suit in which an appeal shall have been granted to the criminal court, and upon an appeal being perfected he shall make out and certify to the said court a full transcript of the proceedings, &c. We are not of opinion that this ordinance is repugnant to the city charter as is contended by the city attorney. The provision of the (amended) charter on this subject declares that appeals from the recorder to the criminal court shall be taken and granted in the same manner as appeals are taken from and granted by justices of the peace to the criminal court under the general laws of the state. (Sess. Acts, 1851, p. 164.) The duties of the recorder's clerk in this behalf are merely to make out and certify a transcript of the proceedings after the appeal is *perfected;* he has nothing to do with any of the requirements of the law by which appeals are granted. In all the steps and proceedings for taking and perfecting appeals, the

recorder himself performs the like duties as a justice of the peace. An appeal from a justice's court, under the general law, is made and perfected, when the party applying for it, within the time prescribed, enters into a recognizance and makes the proper affidavit. So it is in like manner in the case of appeals from the recorder—the recorder, not the clerk, granting the appeal, and, like the justice, determining whether the requisites of law have been complied with. We think, therefore, that, under a fair construction of the charter, there is no repugnancy between it and the ordinance in question.

As already remarked, the court below could not have done more than dismiss the *appeal*, or by rule require a proper transcript to be sent up. The appeal being dismissed would leave the recorder's judgment in force. But the appellant could have moved for a rule upon the officer for a corrected transcript, and have had a trial upon the merits.

The judgment is reversed and the cause remanded; the other judges concurring.